UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SHARON DORSETT, as the Administratix of the Estate
of JO'ANNA BIRD, ROBIN PELLEGRINI, THE LAW
OFFICES OF FREDERICK K. BREWINGTON and
FREDERICK K. BREWINGTON,

                      Plaintiffs,          AMENDED COMPLAINT
                                                 (Jury Trial Demanded)
      -against-

                                                          CV 11-5748 (SJF) (GRB)

COUNTY OF NASSAU, NASSAU COUNTY
LEGISLATURE, PETER SCHMITT, in his individual
and official capacities and as Legislator/Presiding Officer of
the Nassau County Legislature, and EDWARD
MANGANO in his individual and official capacities
as County Executive of the County of Nassau,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       PLAINTIFFS, SHARON DORSETT, as the Administratix of the Estate of JO'ANNA BIRD, ROBIN PELLEGRINI, THE LAW OFFICES OF FREDERICK K. BREWINGTON and FREDERICK K. BREWINGTON, by and through their attorneys, Newman Ferrara LLP, by Randolph M. McLaughlin, Esq., and Scott A. Korenbaum, Esq., for their Amended Complaint, allege as follows:

## PRELIMINARY STATEMENT

       1.     This is a civil action seeking monetary and injunctive relief. against COUNTY OF NASSAU, NASSAU COUNTY LEGISLATURE, and PETER SCHMITT, in his individual and official capacities as Presiding Officer of the Nassau County Legislature, and EDWARD MANGANO in his individual and official capacities as County Executive of the County of Nassau, for committing acts under color of law and depriving plaintiffs of rights secured by the United States Constitution, the Voting Rights Act of 1965 and laws of the United States and State of New York.

2.      Specifically, Plaintiffs allege that the Defendants (collectively and individually) wrongfully deprived them of their Constitutional rights in retaliation against Plaintiffs THE LAW OFFICES OF FREDERICK K. BREWINGTON and FREDERICK K. BREWINGTON for their representation of civil rights plaintiffs, including plaintiffs ROBIN PELLEGRINI, SHARON DORSETT, and the plaintiffs in <u>Boone, et al. v. County of Nassau, et.al.,</u> 11-cv-2712 (JS) an action arising under the Voting Rights Act.

3.      Plaintiffs allege that Defendants (collectively and individually), engaged in actions, or refused to act, so as to intimidate, retaliate and otherwise harm THE BREWINGTON PLAINTIFFS and their clients.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  Pursuant to 28 U.S.C. § 1367, jurisdiction is proper over plaintiffs' state law claims.

5.      Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391(b), as the defendants reside in Nassau County and the events complained of occurred in Nassau County.

## PARTIES

6.      SHARON DORSETT is the natural mother and duly appointed Adminstratix of the Estate of Plaintiff Deceased Plaintiff JO'ANNA BIRD (hereinafter collectively referred to as "BIRD Plaintiffs").  Plaintiff resides in the County of Nassau.  The BIRD Plaintiffs retained the BREWINGTON Plaintiffs to provide legal services, representation, counseling and advocacy for them and the needs that they possessed in the action entitled <u>Dorsett v. County of Nassau, et.al.,</u> 10-cv-1258 (ADS).

7.      ROBIN PELLEGRINI was the former director of the NASSAU COUNTY OFFICE

OF HOUSING AND INTERGOVERNMENTAL AFFAIRS. In an action entitled <u>Williams and Pelligrini., v. County of Nassau, et al.</u>, 03 CV 6337 (RRM), she alleged, among other things, that the County of Nassau terminated her employment in violation of her rights protected by the First Amendment to the United States Constitution.

8. THE LAW OFFICES OF FREDERICK K. BREWINGTON is a community based law office specializing in civil rights litigation on behalf of victims of government misconduct. FREDERICK K. BREWINGTON, the principal of THE LAW OFFICES OF FREDERICK K. BREWINGTON (collectively referred to as "BREWINGTON Plaintiffs"), is recognized as one of the premier civil rights attorneys on Long Island. The BREWINGTON Plaintiffs work in the County of Nassau.

9. Upon information and belief, Defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly constituted municipal corporation of the State of New York. Upon information and belief, the Nassau County Legislature is the legislative arm of the COUNTY, and has the authority to approve settlements involving suits brought against the COUNTY.

10. Defendant PETER SCHMITT (hereinafter referred to as "SCHMITT") is an elected member of the Nassau County Legislature. He is sworn to uphold the Constitution of the United States, the State of New York and the laws and statutes of the County of Nassau , the State of New York and the United States. SCHMITT is the Presiding Officer of the Nassau County Legislature. He is sued herein in his individual and official capacities.

11. Defendant EDWARD MANGANO ("MANGANO") is the County Executive of the County of Nassau and has the power and authority to consider, sign or take other actions on laws adopted by the Nassau County Legislature. He is sued in his individual and official capacities.

FACTUAL ALLEGATIONS

THE PELLEGRINI CASE

12. On or about December 18, 2003, later amending it on February 18, 2004, Plaintiff Robin Pellegrini filed her complaint in the United States District Court alleging that defendant COUNTY and other Defendants unlawfully terminated her employment in violation of her First Amendment Rights after she voiced concerns about matters of public concern.

13. After discovery, motions and then detailed settlement negotiations, settlement papers were duly executed by Ms. Pellegrini on July 5, 2011, which were promptly delivered to the County on July 6, 2011. Thereafter, the BREWINGTON Plaintiffs made diligent efforts to request the finalization of this matter. However, every time the BREWINGTON Plaintiffs made inquires and asked for some level of detail, they were rebuffed.

14. After seeking to know exactly when the matter would be placed before the Legislature for consideration, BREWINGTON was told that it would be on the September 12, 2011 calendar. BREWINGTON attempted to confirm this representation from the County Attorney's office in August and September. Each time, BREWINGTON was assured that this matter would be on the Legislature's September 12th calendar.

15. On September 8, 2011, BREWINGTON learned *for the first time* that the representations made to him about the matter being considered on September 12, 2011 were inaccurate; in fact, BREWINGTON learned that Ms. Pelligrini's matter *would not be* considered by the Legislature on September 12, 2011.

16. On September 11, 2011. Brewington emailed the Defendants. In his e-mail, BREWINGTON told the defendants:

> Of all the things that have occurred during these past eight months of trying to have the terms of this settlement satisfied Ms. Pellegrini and this office have been more than tolerant, however this past series of events leaves us with no sense [of] trust for anything that is said to our office on any of the matters which we are now working, especially this matter. I was led to believe that this matter was, as previously promised, scheduled to be appear before the Legislature this week. If I had not made inquires on my own last week, which led to me learning that the representations made to me were false, we obviously would not have heard from your office about the status of this matter.

<u>THE BIRD CASE</u>

17. On or about March 19, 2009, at 421 Grand Boulevard, located in the Village Of Westbury/New Cassel, Jo'Anna Bird was murdered by her former boyfriend, Leonardo Valdez-Cruz.

18. Ms. Bird's death occurred as a direct result of collective failures of the COUNTY OF NASSAU, Nassau County Police Department, Office of the Nassau County District Attorney and Police officers and/or Detectives, all of whom failed to provide her with the necessary police protection and/or to intervene at a time when they were aware that Ms. Bird was in immediate physical danger.

19. The BIRD Plaintiffs retained the Brewington Plaintiffs to represent them. They timely filed a Complaint against the COUNTY OF NASSAU, Nassau County Police Department, Office of the Nassau County District Attorney and Police officers And/Or Detectives Defendants on March 19, 2010. They sought damages and equitable relief.

20. Because of the efforts of the BREWINGTON Plaintiffs, in the early months of the year 2011, settlement discussions ensued. Following conferences with Magistrate Judge Tomlinson,

the parties agreed in principle to settle the action. Negotiations went on for months. At that time, the BREWINGTON Plaintiffs informed the Court that they wanted the action to proceed.

21. After months of negotiations and exchanges of drafts and details about the settlement, the matter was finalized into a written document entitled "Settlement Agreement and General Release" and executed by BIRD Plaintiffs on July 14, 2011.

22. The Settlement Agreement and General Release were hand delivered to the County Attorney on July 14, 2011. From July 14, 2011 to the filing of this complaint, THE BREWINGTON Plaintiffs remained vigilant in addressing the need to finalize this matter.

23. The settlement agreements in the Dorsett and Pellegrini actions were contingent upon the approval of the Nassau County Legislature. To date, the Legislature has not voted on the settlement because it was never placed on its agenda. The Pelligrini matter was **never** placed on a Committee Agenda. The Dorsett matter appeared on the Committee Agendas of November, but were never presented for a vote.

24. The excuse provided by the COUNTY as to why the settlement funds had not been voted on by the Legislature or any of its committees in July, August, September, October and November was that they "*have no control over what the Legislature does,*" and that it is being "*considered by the Legislature.*"

25. On November 18, 2011, in a video and audio recorded interview aired on News12 television and released on the internet, the true reason regarding the lack of any vote on the BIRD Plaintiffs settlement was revealed. In this interview, SCHMITT stated "I did not feel comfortable voting on a settlement that would put a couple million dollars into his [BREWINGTON'S], his law firm, or his pocket while we were being sued, so I requested an opinion of the County Board of

Ethics to see that there was no conflict there." *Peter Schmitt, Presiding Officer--Nassau County Legislature--to News12, aired on 11/18/11.*

THE BOONE CASE

26. On April 18, 2011, SCHMITT proceeded to effectuate his intention to redistrict the Nassau County Legislature without complying the requirements of the Nassau County Charter. The procedures established by SCHMITT represented a departure from those employed by the Nassau County Legislature during the previous redistricting process. Rather than redistrict in 2013, SCHMITT embarked on an aggressive plan to essentially change the districts in Nassau County in a 21-day time period, rather than over a year and a half time period as contemplated by the Charter, and as had been done in the previous redistricting.

27. At each of the scheduled dates at which the Legislatures plan was discussed, members of the community attended in large numbers. Overwhelming opposition was lodged by residents of the County of Nassau as hundreds attended the scheduled meetings. The voices of African-American residents were joined in chorus by white residents whose own districts were being dismantled to facilitate the destruction of the voting rights of African-American and Hispanic residents in Districts 1, 2, and 3. The plan put forth by SCHMITT was designed, or had the effect of, diluting the vote of the African-American and Hispanic population in the County.

28. The BREWINGTON PLAINTIFFS clearly informed the Nassau County Legislature, that their actions were violative of the Voting Rights Act of 1965. On May 16, 2011, Plaintiff BREWINGTON stood before SCHMITT and the entire Legislature to inform them that their actions, as proposed, were in violation of the Voting Rights Act and the United State Constitution. SCHMITT and the Legislature were asked not to take this action and that if they did, it would result

in a legal challenge to their intentional, discriminatory and violative acts. SCHMITT'S comment was "Bring it on!"

29. On or about June 6, 2011 Melvin Boone, Dennis O. Jones, Regis Thompson Lawrence, and Aubrey Phillips, on behalf of themselves and all other similarly situated persons, brought suit under the Voting Rights Act against the COUNTY, SCHMITT and MANGANO, among others, for their involvement in the allegations of violations under the Act.

30. In a parallel proceeding in State Court challenging the redistricting process, the COUNTY and its Legislature were enjoined from implementing SCHMITT's hastily drawn plan. As a result, the Legislative majority, including then Legislator John Ciotti of the 3rd Legislative District, were forced to run in a district that was the subject of much racial controversy, given the actions of SCHMITT and MANGANO and NASSAU COUNTY.

31. In or about mid October, 2011, a campaign worker named Vincent Prisco engaged in overt acts of intimidation of an African-American campaign worker directly in front of the office and campaign headquarters of an African-American candidate for the 3rd Legislative District, Carrie A. Solages. Mr. Prisco, who is white, appeared with another man and proceeded to verbally intimidate, demean and harass African-American persons outside the campaign headquarters by placing signs of John Ciotti on a private fence directly adjacent to the door of Mr. Solage's office and campaign headquarters. In doing so, Mr. Prisco engaged in name calling, mocking language, threats through his posture and actions and race based, discriminatory comments all aimed at intimidating and causing fear. In large part, Mr. Prisco directed his actions and comments at or toward Ms. Michaelle Solages, who is African-American and is the sister of the candidate Carrie A. Solages, who defeated John Ciotti in the 2011 election. The actions of Mr. Prisco were all captured

on video/audio recording and have been publicly aired via the medium of Youtube as well as local media outlets such as LI News12, Fox5 News, WPIX News, ABC New York News, and others.

32. Mr. Prisco was recorded making numerous comments and engaging in actions which include, but are not limited to:

*"Don't worry, we will put them on the back of the bus where they belong."*
*"They want to start the fire, but they don't know how to put it out, Charlie."*
*"You know nothing... yeah, call animal control so we can arrest them."*
*"So tough, why don't you rip them down now?"*
*"Go ahead take them down I'm going to wait here for you to take them down."*
*"...all he does is lie."*
*"That retard that lies about his opponent?"*
*"That retard that doesn't even know how to spell his name?"*
*"She's a Pig!"*

After being told that there are children around, at 1:54 of the video he flashes his middle finger at the camera.

33. On October 19, 2011 BREWINGTON wrote to the United States Attorney for the Eastern District of New York and stated in relevant part that:

> We write to formally request that your offices take emergency action with regard to circumstances and situation which have emerged in the pending Legislative District race in the 3rd Legislative District as to multiple instances of criminal actions of intimidation and coercion. Further, we write to request that your office take immediate action to intervene in the 3rd Legislative District by appointing and/or designating Federal Observers to monitor the campaigning and election process from now and through the actual election, which is scheduled for November 8, 2011. (Brewington letter of October 19, 2011)

This request was made in "light of recent events and actions of overt race based harassment and intimidation taken by a campaign worker employed by and/or working for the candidate, John Ciotti in the 3rd Legislative District."

34. On that same day, a press conference was held in the offices of the BREWINGTON PLAINTIFFS and the actions of Mr. Prisco, along with the specific requests to the U.S. Attorney, were reported on and covered by members of the media. Portions of the press conference and statements made by BREWINGTON and others were aired on multiple news outlets and copies of that letter sent to the U.S. Attorney and its content was reproduced, in part or in whole, by multiple sources.

35. In the concluding portion of the letter, BREWINGTON wrote:

> On behalf of our clients and the class of voters they represent, we ask for your assistance and attention to this situation before it grows into an unmanageable situation that will further infringe on the rights of African-Americans and Hispanics. Given the history in this area, neither the County of Nassau or any local municipal agency can be relied on to address these ongoing violations.

36. Uninvited, Mr. Ciotti appeared at the offices of BREWINGTON and was politely asked to leave the building, which he did. Following this event, the electoral race in the 3rd Legislative District tightened and on November 8, 2011, Mr. Ciotti was unsuccessful in his re-election bid.

37. Following the commencement of the <u>Boone</u> action, on November 18, 2011, as mentioned, SCHMITT stated in an interview broadcast on News 12, a local 24-hour news station covering Nassau County, as follows: "I did not feel comfortable voting on a settlement that would put a couple million dollars into his [BREWINGTON'S], his law firm, or his pocket while we were being sued, so I requested an opinion of the County Board of Ethics to see that there was no conflict there." *Peter Schmitt, Presiding Officer--Nassau County Legislature--to News12, aired on 11/18/11*

38. The reference by SCHMITT to "while we were being sued" was a reference to the Boone case and BREWINGTON Plaintiffs' advocacy, statements made and representation provided in that case to the African-American and Hispanic Plaintiffs and the class they seek to represent.

39. On information and belief, SCHMITT, acting in his capacity as Presiding Officer of the Nassau County Legislature, has sole discretion as to the agenda of the Legislature and its committees.

40. As a result of his personal animus against the BREWINGTON Plaintiffs for their advocacy on behalf of the minority community and others whose rights have been violated by the actions of the County, SCHMITT has deliberately refused to place the Pelligrini and Bird settlements on the agendas of the Legislature or its committees for their consideration and deliberation

41. SCHMITT'S failure to place said settlements on the agendas, as referenced above, is designed to and/or have the effect of chilling, deterring, and/or retaliating against the BREWINGTON Plaintiffs, other civil rights advocates, and their clients from seeking redress in the courts for the deprivation of their rights by the County.

42. SCHMITT'S public statements were in furtherance of his aforestated intention to chill, deter, and retaliate against Plaintiffs for seeking redress to the courts for the deprivation of their rights.

43. The failure or refusal of the other Defendants to take any steps to curb, deter, or prevent SCHMITT from so depriving Plaintiffs of their rights resulted from their acquiescence, condoning, or agreement with SCHMITT'S plan to deprive Plaintiffs of their rights.

44. The conduct of the Defendants has resulted in and will continue to result in an unconstitutional interference with the rights of Plaintiffs to due process and access to the courts for the redress of grievances.

45. The actions and/or inactions aforementioned were designed to retaliate against the BREWINGTON Plaintiffs for their advocacy on behalf of the minority voters in Nassau County in opposition to the ill-conceived redistricting plan of SCHMITT.

46. The actions and/or inactions aforesaid were designed to retaliate against the BREWINGTON Plaintiffs for their representation of the *Boone* plaintiffs in federal court.

47. The actions and/or inactions aforesaid were designed to chill or otherwise deter members of the minority community in Nassau County from seeking to protest the deprivation of their rights under the Voting Rights Act and the Fifteenth Amendment.

FOR A FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983--FIRST AMENDMENT)

48. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 of this Amended Complaint as if set forth fully herein.

49. Defendants COUNTY OF NASSAU and PETER SCHMITT, individually and collectively, are liable for the above-described violations of Plaintiffs' federally secured rights under the First Amendment of the Constitution of the United States.

50. As a result of the actions and/or inactions of the defendants, plaintiffs are entitled to compensatory and injunctive relief to vindicate the denial of their rights.

FOR A SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983--FOURTEENTH AMENDMENT)

51. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 50 of this Amended Complaint as if set forth fully herein.

52. Defendants COUNTY OF NASSAU and PETER SCHMITT, individually and collectively are liable for the above-described violations of Plaintiffs' federally secured due process rights under the Fourteenth Amendment of the Constitution of the United States.

53. Defendants owed an affirmative duty to Plaintiffs in <u>Dorsett v. County of Nassau, et al.</u>, 10 CV 1258 (ADS), and <u>Pellegrini v. County of Nassau, et al.</u>, 03 CV 6337 (RRM), to place on the agendas of the relevant Committees of the Legislature the Settlement Agreement entered into in these matters.

54. The failure of the defendants to comply with their obligations deprived Plaintiffs of their procedural due process rights.

55. As a result of the actions and/or inactions of the defendants, plaintiffs are entitled to compensatory and injunctive relief to vindicate the denial of their rights.

FOR A THIRD CLAIM FOR RELIEF
(<u>42 U.S.C. §§ 1983, 1971</u>)

56. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 55 of this Amended Complaint as if set forth fully herein.

57. The actions or inactions aforementioned were designed to retaliate against the BREWINGTON Plaintiffs for their advocacy on behalf of the minority voters in Nassau County in opposition to the ill-conceived redistricting plan of SCHMITT.

58. The actions aforesaid were designed to chill and deter the members of the minority community in Nassau County from seeking to protest the deprivation of their rights under the Voting Rights Act of 1965 as a result of the BREWINGTON Plaintiffs advocacy on their behalf.

59.. By silencing, punishing, causing plaintiff to suffer and creating districts which contain discriminatory and violative lines, defendants have sought to unlawfully eliminate and or dilute Plaintiffs' voices and thereby block, limit and deter the plaintiff and other minority persons from exercising their civil, statutory and constitutional rights.

60. Further, Defendants COUNTY OF NASSAU and PETER SCHMITT have sought to restrain, limit, preclude and block Hispanic and African-American persons including but not limited to plaintiffs' rights of access to the courts, rights to petition the courts for a redress of grievances, rights and freedom to associate amongst each other, and rights and freedom of speech.

61. Plaintiffs contend that there is a policy and practice of systematic discriminatory practice of deny minorities and abridging their rights, particularly African Americans and Hispanics, from rights of access to the courts, rights to petition the courts for a redress of grievances, rights and freedom to associate amongst each other, and rights and freedom of speech.

62. As a result of the actions and/or inactions of the defendants, plaintiffs are entitled to compensatory and injunctive relief to vindicate the denial of their rights.

FOR A FOURTH CLAIM FOR RELIEF
(CPLR ARTICLE 78)

63. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 62 of this Complaint as if set forth fully herein.

64. To date, SCHMITT has refused to place the Dorsett and Pellegrini settlements on the agenda of the Nassau County Legislature.

65. As a result of SCHMITT's actions, the Nassau County Legislature has not voted to approve or reject the settlement agreements in Dorsett and Pellegrini.

66. SCHMITT has refused to do so because of lawsuits, past and present, that the BREWINGTON PLAINTIFFS have prosecuted, and continue to prosecute, against the County.

67. SCHMITT's refusal to place these settlements on the agenda of the Nassau County Legislature is contrary to law, and arbitrary and capricious.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
(Nassau County Administrative Code)

68. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 67 of this Amended Complaint as if set forth fully herein.

69. To date, SCHMITT has refused to place the Dorsett and Pellegrini settlements on the agenda of the Nassau County Legislature.

70. As a result of SCHMITT's actions, the Nassau County Legislature has not voted to approve or reject the settlement agreements in Dorsett and Pellegrini.

71. SCHMITT has refused to do so because of lawsuits, past and present, that the BREWINGTON PLAINTIFFS have prosecuted, and continue to prosecute, against the County.

72. The above actions are violative of the anti-retaliation provisions of the Nassau County Administrative Code, § 21-9.8(5).

WHEREFORE Plaintiffs pray for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses;

(e) an injunction requiring the submission of the settlements to the Nassau County Legislature for due and proper consideration; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
December 22, 2011

SCOTT A. KORENBAUM, ESQ.
By: Scott A. Korenbaum
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-0018

NEWMAN FERRARA LLP
By: Randolph M. McLaughlin
1250 Broadway, 27th Floor
New York, NY 10001-3717
(212) 619-5400

*Attorneys for Plaintiffs*