13-651-cv
*Dorsett v. County of Nassau*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: September 19, 2013    Decided: October 18, 2013)

Docket No. 13-651-cv

SHARON DORSETT, AS THE ADMINISTRATRIX OF THE ESTATE OF JO'ANNA BIRD, FREDERICK K. BREWINGTON,

*Plaintiffs - Appellants*,

ROBIN PELLEGRINI, LAW OFFICES OF FREDERICK K. BREWINGTON,

*Plaintiffs*,

-v.-

COUNTY OF NASSAU,

*Defendant - Appellee*,

EDWARD MANGANO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES AS COUNTY EXECUTIVE OF THE COUNTY OF NASSAU, NASSAU COUNTY LEGISLATURE, PETER SCHMITT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES AND AS LEGISLATOR/PRESIDING OFFICER OF THE COUNTY OF NASSAU COUNTY LEGISLATURE,

*Defendants*.[*]

---

[*] The Clerk of the Court is directed to amend the caption of the case to conform with the listing of the parties above.

1

Before:
    WINTER, WALKER, AND WESLEY, *Circuit Judges*.

  Plaintiff-Appellant Sharon Dorsett settled with the County of Nassau in separate litigation arising out of the death of her daughter. Dorsett and her attorney in that action, Frederick Brewington, bring this First Amendment retaliation claim against the County of Nassau. Dorsett and Brewington allege that the County delayed approving the settlement in retaliation for their First Amendment activities. The district court dismissed the action for lack of standing and failure to state a claim. We AFFIRM.

    SCOTT A. KORENBAUM, New York, NY (Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, NY; Randolph McLaughlin, Newman Ferrara LLP, New York, NY; Frederick K. Brewington, Hempstead, NY, *on the brief*), *for Appellants*.

    DAVID A. TAUSTER, Deputy County Attorney (Dennis J. Saffran, Appeals Bureau Chief, *on the brief*), for John Ciampoli, County Attorney of Nassau County, Mineola, NY, *for Appellee.*

PER CURIAM:

This § 1983 action comes to us on an expedited appeal from the Eastern District of New York following dismissal on a 12(b)(6) motion.  In March 2010, Sharon Dorsett, the mother of Jo'Anna Bird, acting as administratrix of Bird's estate, filed a complaint against the County of Nassau and various of its officers seeking damages for Bird's death.  Dorsett's attorney in that action, Frederick Brewington, negotiated a settlement with the County that was signed in July 2011.  By its terms, however, the agreement was not final until approved by the county legislature.  After the legislature finalized the agreement, it was also subject to court approval. N.Y. Est. Powers & Trusts Law § 5-4.6. The legislature did not approve the settlement until January 2012.  Dorsett and Brewington, plaintiff-appellants in this separate action, allege that the County intentionally delayed approving the settlement in retaliation for their protected First Amendment activities.  Because we find that Plaintiffs had no right to have the settlement approved at all, much less by a certain date, we affirm the district court's order dismissing the complaint.

## Background

When reviewing a 12(b)(6) dismissal, the court accepts as true all factual allegations in the complaint. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). In March 2009, Leonardo Valdez-Cruz murdered Jo'Anna Bird. One year later, Bird's mother, Sharon Dorsett, retained Frederick Brewington, a Nassau County civil rights attorney, to represent Bird's estate in an action against the County. Dorsett alleged that the murder was the result of inadequate police protection. In July 2011, Brewington negotiated and Dorsett agreed to a settlement with the County. By its terms, however, the settlement could not be finalized without a vote by the county legislature. After signing, Dorsett waited.

Meanwhile, in April 2011, Peter Schmitt, the presiding officer of the Nassau legislature, sought to re-draw the districts from which county legislators were elected in advance of that Fall's elections. This controversial move sparked protests and accusations of racial bias. Brewington spoke before the legislature to voice his opposition to Schmitt's plan. In June he commenced *Boone et al. v. Nassau County Legislature et al.*, No. 11-cv-02712 , a federal lawsuit challenging the redistricting plan. During the election campaign, Brewington also wrote the United States Attorney for the Eastern District of New York to request federal

election observers to monitor alleged racial harassment by campaign workers. Brewington's political maneuvers during the 2011 election received significant local media coverage.

As presiding officer of the legislature, Schmitt had complete control over the legislature's agenda and could have put Dorsett's settlement up for a vote at any time.  Yet, in November, the Dorsett settlement was still pending. In a post-election television interview, Schmitt was asked why the settlement had not yet received a vote.  He replied "I did not feel comfortable voting on a settlement that would put a couple million dollars into [Brewington's] . . . pocket while we were being sued [in the *Boone* case], so I requested an opinion of the County Board of Ethics to see that there was no conflict there."  In fact, Schmitt had received the ethics opinion in September – two months before this interview – and the settlement was still not approved until January.  Plaintiffs allege that Schmitt actually requested the ethics opinion to hold up the settlement in retaliation for their political activities**.**  During the delay, Plaintiffs allege, interest rates changed and the value of the settlement diminished by $8 million.[1]

---

[1]The parties have not disclosed the exact terms of their settlement. Typically, parties agree to one of two structures. The defendant may agree to pay a fixed amount for an annuity, the regular payout of which depend on the prevailing interest rates at

After the 2011 election, Plaintiff-Appellants, along with Plaintiff Robin Pellegrini, another Brewington client with a settlement pending before the legislature, filed this suit to compel a vote on their settlements. In early 2012, the legislature approved Dorsett's settlement and rejected Pellegrini's. Plaintiffs then amended their complaint to allege damages from the delay in approving Dorsett's settlement. In January 2013, the district court dismissed the amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dorsett and Brewington timely appeal. Pellegrini does not.

## Discussion

We review dismissals under 12(b)(6) *de novo*. *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 58 (2d Cir. 2010). To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment;

---

the time of purchase. In this case, the plaintiff bears the risk of a rise in interest rates, but a lawyer taking his contingency fee off the lump sum would bear none. Alternatively, the parties may agree that the defendant will purchase an annuity providing a determined level of income at whatever price. In this case, the plaintiff bears no risk of interest rate fluctuations. The lawyer may or may not, depending on whether his fee is taken in lump sum off of the annuity's initial purchase price, or as a share of the annuity's income stream. Either way, we suspect it is unlikely that *both* Dorsett and Brewington have suffered an injury from a change in interest rates. As we make clear below, there are other reasons we are confident that neither has standing to bring this suit.

(2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury. *See Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).  Here, the district court found that Plaintiffs failed to show an injury.  We come to the same conclusion, but for different reasons than the court below.

As we have recognized, there is some tension in our First Amendment standing cases. *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004).  We have sometimes given the impression that silencing of the plaintiff's speech is the only injury sufficient to give a First Amendment plaintiff standing.  For example, in *Curley v. Village of Suffern*, a case relied upon by the district court, we wrote that "To prevail on this free speech claim, plaintiff must prove . . . [that] defendants' actions effectively chilled the exercise of his First Amendment right." 268 F.3d at 73; *see also Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002); *Spear v. Town of W. Hartford*, 954 F.2d 63, 67 (2d Cir. 1992). This was an imprecise statement of law.

Chilled speech is not the *sine qua non* of a First Amendment claim.  A plaintiff has standing if he can show *either* that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm.  Various non-speech related harms are sufficient to give a plaintiff standing.

7

*Zherka v. Amicone*, 634 F.3d 642, 646 (2d Cir. 2011) (lost government contract); *Tabbaa v. Chertoff*, 509 F.3d 89, 102 (2d Cir. 2007) (additional scrutiny at border crossing); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002) (revoking a building permit); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 195 (2d Cir. 1994) (refusal to enforce zoning laws).

Turning to the instant case, it is clear that the County's alleged retaliation did not curtail the Plaintiffs' speech. Brewington remained politically active while the settlement was pending and Dorsett maintained her association with Brewington. The question therefore is whether the delay in approving the settlement constituted a concrete injury giving Plaintiffs standing. It did not.

Plaintiffs contend that as a result of the delay, the settlement lost $8 million in value. Eight million dollars is certainly concrete, but this does not tell the whole tale. Plaintiffs had no right to have the settlement approved by a date certain. The settlement did not include a time-is-of-the-essence clause, nor have Plaintiffs pointed to anything that required the legislature to act. The legislature's agenda is subject to its absolute discretion. It was not required to vote on the settlement – *ever*. Much less was it required to approve it. This discretion is illustrated by the legislature's failure to approve the settlement of Dorsett's co-plaintiff, Robin Pellegrini, who thus is not a party to this appeal.

8

## Conclusion

For the foregoing reasons, the order of the district court is **AFFIRMED**.

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**ROBERT A. KATZMANN**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: October 18, 2013
Docket #: 13-651cv
Short Title: Dorsett v. County of Nassau

DC Docket #: 11-cv-5748
DC Court: EDNY (CENTRAL ISLIP)
DC Judge: Brown
DC Judge: Feuerstein

# BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
*  be filed within 14 days after the entry of judgment;
*  be verified;
*  be served on all adversaries;
*  not include charges for postage, delivery, service, overtime and the filers edits;
*  identify the number of copies which comprise the printer's unit;
*  include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
*  state only the number of necessary copies inserted in enclosed form;
*  state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
*  be filed via CM/ECF or if counsel is exempted with the original and two copies.

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**ROBERT A. KATZMANN**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: October 18, 2013
Docket #: 13-651cv
Short Title: Dorsett v. County of Nassau

DC Docket #: 11-cv-5748
DC Court: EDNY (CENTRAL ISLIP)
DC Judge: Brown
DC Judge: Feuerstein

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for
_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the
_____

and in favor of
_____

for insertion in the mandate.

Docketing Fee         _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ ____ ) _____

Costs of printing reply brief (necessary copies _____ ) _____




**(VERIFICATION HERE)**

_____
Signature